IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRYAN SUMNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:05-cv-1201-WKW |
| v. ) | |
| ) | |
| LAMAR GLOVER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case is before the court on a Recommendation (Doc. # 34) filed by the Magistrate

Judge, which recommends that the summary judgment be granted to all defendants except

defendant Ellis Rodgers ("Rodgers") with respect to the plaintiff's claim of excessive force

brought against this defendant in his individual capacity.  On July 21, 2008, Rodgers filed

an Objection (Doc. # 39).  Because Rodgers objected to the recommendation, the court

engages in a *de novo* review of the record.

Rodgers argues that the evidence presented by the plaintiff as to the use of pepper

spray is "insufficient to establish the subjective specific intent element of the alleged

constitutional violation; that is, there is <u>no</u> evidence that the use of pepper spray by Officer

Rodgers was <u>not</u> used in a good faith effort to maintain and restore discipline, but was

specifically used maliciously and sadistically for the very purpose of causing harm to the

Plaintiff." (Objection 3.) The defendant relies on the Eleventh Circuit's unpublished opinion

in *Fischer v. Ellegood*, 238 Fed. Appx. 428 (11th Cir. 2007), to support his argument.

However, *Fischer* is distinguishable from the facts of this case.  Moreover, the claims of excessive force presented by Sumner go beyond the mere use of pepper spray, claims which the defendant does not address in his objection.

In *Fischer*, the appellate court, in determining the plaintiff had failed to meet his burden at the summary judgment stage, noted that all of the evidentiary materials before the district court indicated that the defendants used pepper spray only after the plaintiff refused "to follow orders to face the wall during the shakedown."  238 Fed. Appx. at 432.  The plaintiff presented no evidence to the contrary, in the form of affidavits or otherwise, on which the jury could reasonably find for him.  *Id.*  Unlike the plaintiff in *Fischer*, Sumner presents evidence, including his sworn complaint ***and*** affidavits, and evidentiary materials filed in response to the defendants' special reports/motion for summary judgment, tending to establish that there was no need for the use of any force because he obeyed all orders given to him at the times defendant Rodgers utilized force against him.  Specifically, the complaint (Doc. # 1), plaintiff's affidavit (Doc. # 29-3), the affidavit of another inmate (Doc. # 29-4) and a letter written to jail officials (Doc. # 29-2) indicate that on November 14, 2005, Sumner and defendant Rodgers engaged in a verbal exchange as Rodgers attempted to collect clothing from the inmates.  At this time, Sumner challenged the manner in which Rodgers accomplished his duties.  Sumner stated that Rodgers then threatened him with pepper spray, handcuffed him with his hands behind his back, "slammed [him] against the wall [and] then pushed [him while] descending the stairs." (Compl. 6; Sumner Aff. 1-2.)  Sumner maintains

he followed Rodgers's order to sit in the hallway when without provocation "Officer Rodgers punched me in the right side of my head with his right hand and then . . . pepper sprayed me 4-8 inches away" from my face.  (Compl. 6.)  Sumner asserts Rodgers then escorted him to the infirmary where he "was snatched backwards by my cuffs and grabbed by my head on both sides by officer Rodgers [and] slammed into the wall time after time." (*Id.* 6-7; Sumner Aff. 2.)  Sumner contends he suffered a serious injury to his right eye as a result of this altercation and the medical records filed by the defendants do not refute this allegation.

When viewing all evidence and drawing all inferences in favor of the plaintiff, as this court must do when addressing a motion for summary judgment, Sumner has presented evidence from which a jury could reasonably find that defendant Rodgers acted maliciously and sadistically for the very purpose of causing harm.  Specifically, the evidence presented by Sumner demonstrates a serious injury to his eye, no need for the applications of force, no effort by Rodgers to temper the force utilized, and a lack of threat to the safety of staff and inmates.  Accordingly, defendant Rodgers's objection is due to be overruled and the Recommendation adopted.

After an independent and de novo review of the record, it is the ORDER, JUDGMENT and DECREE of the Court that:

1. Defendant Ellis Rodgers's Objection (Doc. # 39) is OVERRULED;

2. The Recommendation (Doc. # 34) of the Magistrate Judge is ADOPTED;

3. The motion for summary judgment regarding the plaintiff's claims for

monetary damages against the defendants in their official capacities is GRANTED as the defendants are entitled to absolute immunity from these claims;

4.       The motion for summary judgment filed on behalf of defendant Lamar Glover with respect to the plaintiff's excessive force and medical treatment claims presented against this defendant in his individual capacity is GRANTED, and defendant Lamar Glover is DISMISSED as a party to this case;

5.       The motion for summary judgment in favor of defendants Darla Speigner, Valerie Hathaway, and Laura Laguerra as to the plaintiff's claims of inadequate medical treatment lodged against them in their individual capacities is GRANTED, and defendants Darla Speigner, Valerie Hathaway, and Laura Laguerra are DISMISSED as parties to this case;

6.       The motion for summary judgment regarding the plaintiff's excessive force claim against defendant Ellis Rodgers in his individual capacity is DENIED, and the plaintiff's claim will proceed to trial.

DONE this 23rd day of July, 2008.

  /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE